# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-1788
_____

ARTHUR GODWIN,

    Appellant,

    v.

HILLSBOROUGH COUNTY SCHOOL
BOARD/BROADSPIRE,

    Appellees.

_____


On appeal from an order of the Judge of Compensation Claims.
E. Douglas Spangler, Judge.

Date of Accidents:  July 11, 2016; September 26, 2016.

August 29, 2019


PER CURIAM.

In this workers' compensation appeal, Arthur Godwin (Claimant) raises two issues.  Because competent substantial evidence supports the Judge of Compensation Claims' (JCC's) denial of compensability of the September 26, 2016, incident, we affirm that decision without further comment. We write to address Claimant's argument that the JCC erred when he conferred with the expert medical advisor (EMA) without counsel present.

After the JCC received the EMA's report, which recommended Claimant undergo an additional test to rule out a possible cause of

Claimant's diagnosis, the JCC and the doctor spoke about the need for the test. At a status conference later that day, the JCC informed the parties about his conversation with the EMA and, thereafter, entered an order granting the request and directed Claimant to return to the EMA's office for the test. At no point below did Claimant raise any questions about, or objections to, the JCC's conduct.

Instead, on appeal, Claimant argues for the first time that the JCC should not have conferred with the EMA outside of a hearing, outside the presence of counsel for both sides, and without being on the record. Claimant maintains that he had no recourse below; thus, seeking review in this court was his only path for relief. We disagree.

The Florida Administrative Code Rule 60Q-6.126(1) provides that "[a]ny motion for disqualification of a judge shall be made and determined pursuant to Fla. R. Jud. Admin. 2.330." Section 440.442 provides that "[JCCs] shall observe and abide by the Code of Judicial Conduct as adopted by the Florida Supreme Court." Canon 3(B)7 of the Code addresses ex parte communications between a judge and persons involved in a proceeding. We see no reason why Claimant could not have addressed his concerns below. Likewise, we cannot discern any reason why the JCC could not have apprised the parties of his intention to contact the doctor before moving forward with the contact.

AFFIRMED.

ROBERTS, ROWE, and M.K. THOMAS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Richard A. Sicking and Mark A. Touby of Touby, Chait & Sicking, P.L., Coral Gables, for Appellant.

2

Steven E. Hovsepian of Barbas, Nunez, Sanders, Butler & Hovsepian, P.A., Tampa, for Appellees.